IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2007 FEB 12 A 9:51
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| LARRY STEPHENS and DEBORA STEPHENS, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>STRONG BUILT, INC.; )<br>)<br>Defendants. ) | Civil Action No.:<br>2:07CV128-ID<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

### ALLEGATION OF JURISDICTION

1.      Plaintiff, Larry Stephens is a resident citizen of Elmore County, Alabama over the age of nineteen (19) years.

2.      Plaintiff, Debora Stephens is a resident citizen of Elmore County, Alabama over the age of nineteen (19) years.

3.      The defendant, Strong Built, Inc., is a Louisiana Corporation engaged in the business of designing, manufacturing and selling treestands and accessories for sale and use in the State of Alabama. Defendant Strong Built, Inc. is incorporated in the State of Louisiana; Defendant Strong Built, Inc. principally conducts business in the State of Louisiana.

4.      The amount in controversy is in excess of $75,000.


SCANNED
08-21-07

## FACTS

5. On or about December 2, 2006, the plaintiff, Larry Stephens, was severely injured while using a Strong Built, Inc. treestand.

6. The subject treestand was purchased by Terry Stephens and installed in Elmore County, Alabama. Defendant Strong Built designed, engineered, manufactured and sold the subject treestand.

7. Mr. Stephens was using the treestand in a reasonably foreseeable manner and as instructed when the welds holding the ladder brace in place failed causing Mr. Stephens to fall approximately twenty (20) feet to the ground.

8. The plaintiff, Larry Stephens, was caused to suffer severe injury to his hips, legs and to his body as a whole.

9. At the time of the incident giving rise to this lawsuit, the subject treestand was being used by the plaintiff as it was intended to be used and which use was reasonably foreseeable to the defendants.

## COUNT I

10. Plaintiff hereby adopts and realleges paragraphs one through nine above as if fully set forth herein.

11. This cause of action is brought pursuant to the Alabama Extended Manufacturer's Liability Doctrine.

12. Defendants Strong Built, Inc, designed, engineered, tested, consulted, manufactured, sold, distributed and/or marketed the treestand made the basis of the Plaintiffs' Complaint.

13. The aforesaid defendants reasonably expected that the subject treestand would reach the consumer in the condition that it was in at the time of the incident, which condition was without substantial modification or change since the time of the initial sale and placement into the stream of commerce.

14. At the time of this incident, the subject treestand was in substantially the same mechanical design and condition as it was on the date of manufacture and original sale.

15. At the time of this incident, the subject treestand was being used by Plaintiff Larry Stephens as it was intended to be used by defendants, Strong Built, Inc..

16. At the time of this incident, the subject treestand was being used in a manner reasonably foreseeable to the defendants, Strong Built, Inc..

17. At the time of this incident made the basis of this Complaint, the treestand was unreasonably dangerous and defective; the defective condition existing therein subjected the plaintiff to an unreasonable risk of harm in that it was defectively designed and/or manufactured and was subject to failure when being used in its intended manner.

18. The subject treestand was defective in its design, manufacture, lack of adequate warnings that accompanied it, and/or the instructions for use provided by the manufacturer. As a direct and proximate cause of the defective condition of the said treestand, the plaintiff, Larry Stephens, suffered severe injuries to his hips, legs and to his body as a whole. The plaintiff further was caused and will be caused in the future to incur medical bills, pain and suffering, mental anguish, emotional distress and loss of income.

WHEREFORE, Plaintiff Larry Stephens, demands judgment against the defendants, in an amount to be determined by a jury, along with interest and costs of this action.

## COUNT II

19. Plaintiff hereby adopts and realleges paragraphs one through eighteen above as if fully set forth herein.

20. Defendants, Strong Built, Inc., acted in a negligent and/or wanton manner with a total disregard to the consequences in the design, manufacture, inspection, distribution, warnings, instruction for use and sale of the subject treestand which created an unreasonable risk of injury to those using the treestand in its intended manner.

21. As a direct and proximate result of the negligent and/or wanton conduct of said defendants, Larry Stephens suffered severe injury to his hips, legs and to his body as a whole. Plaintiff was further caused and will be caused in the future to incur medical bills, pain and suffering, mental anguish, emotional distress and loss of income.

WHEREFORE, plaintiff, Larry Stephens, demands judgment against the defendant party in an amount to be determined by a jury along with interest and costs of this action.

## COUNT III

22. Plaintiff hereby adopts and realleges paragraphs one through twenty-one above as if fully set forth herein.

23. The defendants, Strong Built, Inc., each expressly and/or impliedly warranted that the treestand involved in the incident made the basis of this Complaint was reasonably fit and suitable for the purposes for which it was intended to be used. Plaintiff avers that each of the said defendants breached such expressed and/or implied warranties in that said treestand was not reasonably fit and suitable for the purposes for which it was intended to be used, but, to the

contrary, said treestand at the time it was manufactured, distributed, sold and/or delivered was in a dangerously defective and unsafe condition as aforesaid.

24.  As a direct and proximate result of the aforesaid breach of warranties by each of the said defendants, Larry Stephens suffered severe injury to his hips, legs and to his body as a whole. Plaintiff was further caused and will be caused in the future to incur medical bills, pain and suffering, mental anguish, emotional distress, and loss of income.

Wherefore, plaintiff, Larry Stephens, demands judgment against the defendant, in an amount to be determined by a jury along with interest and costs of this action.

## COUNT IV

25.  Plaintiff hereby adopts and realleges paragraphs one through twenty-four above as if fully set forth herein.

26.  As a direct and proximate result of the defendants' negligent, wanton and/or otherwise wrongful conduct as described hereinabove the plaintiff, Debora Stephens, was caused to lose the consortium and society of the plaintiff's spouse, Plaintiff Larry Stephens.

WHEREFORE, Plaintiff, Debora Stephens, demands judgment of the defendant, in amount to be determined by jury along with interests and costs of this action.

_____
DENNIS R. WEAVER (WEA025)

**OF COUNSEL:**
WEAVER TIDMORE, LLC
200 Cahaba Park Circle, Suite 214
Birmingham, Alabama  35242
Phone: 205-980-6065
Fax: 205-980-6165

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

**DEFENDANTS MAY BE SERVED VIA CERTIFIED MAIL AS FOLLOWS:**

STRONG BUILT, INC.
C/O KEN KILLEN
HIGHWAY 568
WATERPROUF, LOUISIANA 71375