## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA,
## NORTHERN DIVISION

| | |
|---|---|
| LARRY STEPHENS AND DEBORA STEPHENS, ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | CIVIL ACTION NO. 2:07CV128-10 |
| STRONG BUILT, INC., ) ) | |
| Defendants. ) | |

### ANSWER

Comes now the defendant identified in the complaint as STRONG BUILT, INC., and answers the plaintiffs' complaint filed February 12, 2007 by setting forth the following separate and several defenses:

1. The defendant is without sufficient information to admit or deny the allegations in paragraph 1 of the complaint and demands strict proof thereof.

2. The defendant is without sufficient information to admit or deny the allegations in paragraph 2 of the complaint and demands strict proof thereof.

3. The defendant admits that Strong Built, Inc. was a Louisiana Corporation but denies that it is the proper defendant in this lawsuit. The defendant avers that it currently does business as StrongBuilt International, L.L.C., a Louisiana Limited Liability Company.

4. The defendant is without sufficient information to admit or deny the allegations in paragraph 4 of the complaint and demands strict proof thereof.

5. The defendant is without sufficient information to admit or deny the allegations in paragraph 5 of the complaint and demands strict proof thereof.

6. The defendant is without sufficient information to admit or deny the allegations in paragraph 6 of the complaint and demands strict proof thereof.

7. The defendant is without sufficient information to admit or deny the allegations in paragraph 7 of the complaint and demands strict proof thereof.

8. The defendant is without sufficient information to admit or deny the allegations in paragraph 8 of the complaint and demands strict proof thereof.

9. The defendant is without sufficient information to admit or deny the allegations in paragraph 9 of the complaint and demands strict proof thereof.

10. The defendant adopts and realleges its response to paragraphs 1 through 9 as if fully incorporated herein.

11. No response necessary.

12. The defendant is without sufficient information to admit or deny the allegations in paragraph 12 of the complaint and demands strict proof thereof.

13. The defendant is without sufficient information to admit or deny the allegations in paragraph 13 of the complaint and demands strict proof thereof.

14. The defendant is without sufficient information to admit or deny the allegations in paragraph 14 of the complaint and demands strict proof thereof.

15. The defendant is without sufficient information to admit or deny the allegations in paragraph 15 of the complaint and demands strict proof thereof.

16. The defendant is without sufficient information to admit or deny the allegations in paragraph 16 of the complaint and demands strict proof thereof.

17. The defendant denies the allegations in paragraph 17 of the complaint and demands strict proof thereof.

18. The defendant denies the allegations in paragraph 18 of the complaint and demands strict proof thereof.

19. The defendant adopts and realleges paragraphs 1 through 18 above as if fully incorporated herein.

20. The defendant denies the allegations in paragraph 20 of the complaint and demands strict proof thereof.

21. The defendant denies the allegations in paragraph 21 of the complaint and demands strict proof thereof.

22. The defendant adopts and realleges paragraphs 1 through 21 above as if fully incorporated herein.

23. The defendant denies the allegations in paragraph 23 of the complaint and demands strict proof thereof.

24. The defendant denies the allegations in paragraph 24 of the complaint and demands strict proof thereof.

25. The defendant adopts and realleges paragraphs 1 through 24 above as if fully incorporated herein.

26. The defendant denies the allegations in paragraph 26 of the complaint and demands strict proof thereof.

In further answer to the plaintiffs' complaint, the defendant sets forth the following separate and several defenses.

### First Defense

The defendant avers that the allegations in the complaint fail to state a claim against it upon which relief can be granted.

### Second Defense

The defendant denies each and every claim in the plaintiffs' complaint and demands strict proof thereof.

### Third Defense

The defendant denies that it is liable to the plaintiffs under the Alabama Extended Manufacturer's Liability Doctrine or that it was guilty of any negligence, wantonness, breach of warranty or other wrongful conduct which proximately caused or proximately contributed to cause the plaintiffs' alleged injuries and damages.

### Fourth Defense

The defendant denies that the plaintiffs were injured or damaged to the nature and extent complained of in the complaint and, accordingly, contests damages.

### Fifth Defense

The defendant pleads the affirmative defense of contributory negligence.

### Sixth Defense

The defendant pleads the affirmative defense of assumption of risk.

### Seventh Defense

The defendant pleads product misuse.

**Eighth Defense**

The defendant avers that the plaintiffs' claim for punitive damages in this case violates both the Alabama and United States Constitutions, and the amendments thereto, including but not limited to the right to avoid self-incrimination; the due process clause; the excessive fines clause; the equal protection clause; the commerce clause; and the freedom of speech clause.

**Ninth Defense**

The defendant avers that the plaintiffs' claim for punitive damages in this case violates both the Alabama and United States Constitutions, and the amendments thereto, in that under current Alabama law there is a lack of reasonable standards necessary to instruct the jury on the propriety and amount of any punitive damage award; there are insufficient standards pertaining to the award of punitive damages; punitive damage awards are not subject to sufficient post-trial judicial review on the basis of objective standards and criteria; there is a lack of reasonable and logical standards, criteria and guidance in the assessment of punitive damages; there is a lack of a rational relationship between the culpability of the defendant and the amount of punitive damages; and there is a lack of a rational relationship between the award of compensatory damages versus punitive damages.

/s/ David A. Lee
David A. Lee (LEE019)
ASB-3165-E47D
Attorney for Defendant

**OF COUNSEL:**

PARSONS, LEE & JULIANO, P.C.
2801 Highway 280 South
300 Protective Center
Post Office Box 530630 (35253)
Birmingham, AL 35223-2480
(205) 326-6600

**JURY DEMAND:   The defendant hereby demands a trial by struck jury.**

                    /s/ David A. Lee
                    David A. Lee  -  LEE019
                    ASB-3165-E47D
                    Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of March, 2007, I have served a copy of the foregoing pleading via United States mail, postage prepaid and properly addressed on counsel for all parties as follows:

Dennis R. Weaver, Esq.
Weaver Tidmore, LLC
200 Cahaba Park Circle, Suite 214
Birmingham, Alabama 35242

                    /s/ David A. Lee
                    OF COUNSEL

cc:    Honorable Troy King
       310 State House
       11 S. Union Street
       Montgomery, Alabama 36130