**UNITED STATES DISTRICT COURT**

MIDDLE DISTRICT OF ALABAMA
OFFICE OF THE CLERK
POST OFFICE BOX 711
MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK

TELEPHONE (334) 954-3600

# NOTICE OF CORRECTION

From:   Clerk's Office

Case Style:  Stephens et al v. Strong Built, Inc.

Case Number:    2:07-cv-00128-ID

Referenced Pleading:  MOTION for Protective Order   - Doc. 29

This Notice of Correction was filed in the referenced case this date to correct the PDF documents attached to this notice.  Please see the correct PDF documents to this notice.

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LARRY STEPHENS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 2:07CV128-ID |
| ) | |
| STRONGBUILT, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MOTION FOR PROTECTIVE ORDER

Comes now the defendant, **STRONGBUILT, INC.**, and moves this Honorable Court to enter the attached protective order. This motion is based upon the following:

1.  The plaintiff, Larry Stephens, was allegedly injured on December 2, 2006 while climbing a StrongBuilt BLS-15 ladder stand. This is a stand that is used for hunting.

2.  A relative of the plaintiff allegedly purchased the subject ladder stand, together with three other identical stands, from the Prattville, Alabama Wal-Mart in either November or December, 2004.

3.  The defendant believes that the ladder stand involved in this litigation is much older than one which would have been purchased in 2004.

4.  On February 25, 2008, the defendant issued a civil subpoena to Wal-Mart requesting certain sales information pertaining to the StrongBuilt BLS-15 ladder stands that were sold by the Prattville, Alabama Wal-Mart.

5.  In response to the subpoena, Wal-Mart has notified the defendant that it has no objection to searching for and producing said sales information but would prefer to do

so under an appropriate protective order. Wal-Mart contends that the sales information is proprietary and confidential.

6. The plaintiffs and the defendant have no objection to the production of the subject records from Wal-Mart under an appropriate protective order.

Wherefore, premises considered, the defendant, StrongBuilt, Inc., respectfully requests this Honorable Court to enter the attached protective order.

/s/ David A. Lee
David A. Lee (LEE019)
Attorney for Defendant

PARSONS, LEE & JULIANO, P.C.
300 Protective Center
2801 Highway 280 South
Birmingham, AL 35223
(205) 326-6600 - Telephone
(205) 324-7097 - Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 7th day of March, 2008, electronically filed a copy of the foregoing pleading with the Court and served all counsel for all parties to this proceeding by U.S. Mail to:

Dennis R. Weaver, Esq.
William Hassinger, Esq.
Weaver Tidmore, LLC
300 Cahaba Park Circle, Suite 200
Birmingham, Alabama 35242

/s/ David A. Lee
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LARRY STEPHENS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) CIVIL ACTION NO. 2:07CV128-ID | |
| STRONGBUILT, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

PROTECTIVE ORDER

The Court finds that good cause exists for issuance of this Protective Order ("Order") to establish a procedure for use and/or disclosure of Confidential Information and to govern the inadvertent production of Privileged Information, as those terms are defined herein, and that entry of this Order is appropriate.

**THEREFORE, IT IS HEREBY ORDERED:**

Certain materials, information, Documents (as defined in paragraph 1 below) or testimony ("Discovery Materials") produced or given by the parties in the course of pre-trial discovery or used or produced at trial in this action will involve disclosure of confidential, proprietary, financial, technical, scientific, personnel, and business information ("Confidential Information"). Moreover, despite the reasonable precautions taken by the parties, Confidential Information and/or documents protected by the attorney-client privilege, attorney work product or any other privilege ("Privileged Information") may be inadvertently disclosed. Accordingly, the parties agree that the following provisions shall

govern disclosure and use of all such Discovery Materials containing Confidential Information and the return of inadvertently disclosed Privileged Information.

1. As used herein, "Documents" shall include data (including electronic data) and any other material (and their contents) produced through discovery by the parties, as well as any portion of a transcript of a deposition or other proceeding, exhibit, affidavit, declaration, answers to interrogatories, or responses to request for admissions.

2. Confidential Information may be found in, but not limited to, all or any of the following specifically designated "Confidential" Documents and the content thereof: (a) Documents, depositions or testimony, responses to written discovery, and any other information or material produced or otherwise made available to the parties in this action; (b) copies, extracts, reports, studies, notes, complete or partial summaries and other Documents or materials made or prepared from Confidential Information except that it shall exclude attorney work product; and (c) transcripts, exhibits and other pleadings or writings that summarize or otherwise disclose Confidential Information.

3. This Order covers Documents and/or information or material designated by the disclosing party or non-party (hereinafter, the "Source") as containing or consisting of Confidential Information. Any Source may, in good faith, designate any such materials or portions thereof as being subject to the provisions of this Order by means of a stamp or other designation on the Document of the word "Confidential." Such designation shall be limited to information or materials that the Source in good faith believes to constitute a trade secret, proprietary business information, private personnel information and/or data, and/or any information that implicates or may implicate the privacy rights of the Source and/or a third party, and that is not otherwise publicly available, except that the foregoing

shall not apply to any Document that is in the public domain as a result of a violation of any duty, law or agreement.

4. In designating materials, Documents or portions thereof as "Confidential," the Source shall mark every page and/or significant component, which contains Confidential Information with the appropriate "Confidential" stamp. Notwithstanding the foregoing sentence, a cover letter may be used to designate certain materials, such as computer data, where stamping would be impractical or impossible. Transcripts of deposition or other testimony shall be designated by reference to the page and lines being designated. Designation shall be made at the time such materials are produced or given, except that: (a) in the case of testimony upon deposition or hearing, such designations shall be made within twenty (20) business days after the transcript of such deposition or hearing is available; and (b) a reasonable extension of any applicable time period hereunder may be agreed to in writing among counsel for the respective parties. Designations may be withdrawn by the Source at any time.

5. Unless otherwise ordered by the Court, any Document or material designated by any source as containing Confidential Information shall be safeguarded and shall not be disclosed by non-designating counsel, except, subject to the provision of this Order, to:

a. the named Plaintiff, **LARRY STEPHENS**;

b. Defendant **STRONGBUILT, INC.**, including but not limited to their counsel, including paralegals, clerical or other support staff or services and any officers, directors, managers, supervisors or other employees with responsibilities related to the subject matter of this litigation;

      c.      counsel of record for the party to whom such Documents or materials are produced or given, including co-counsel of record and the legal associates, paralegals, clerical or other support staff or services of such counsel or co-counsel assigned to assist such counsel in the preparation of this litigation;

      d.      the Court, including any Court personnel, stenographers or other persons involved in taking or transcribing court or deposition testimony in this action, and members of the jury, provided that any Confidential Information submitted or filed with the Court shall be placed under seal subject to release or inspection only by order of the Court or consent of the party claiming confidentiality as to the particular material, except that when possible, only confidential portions of filings with the Court shall be filed under seal;

      e.      any court reporter (including audio and video) involved in this action;

      f.      independent experts or consultants who have been consulted or retained by counsel in this action to furnish technical or expert services or to give technical or expert testimony in the trial of this action, provided that such expert or consultant signs the Undertaking attached hereto as Exhibit A, acknowledging that he or she has read a copy of this Order and agrees to be bound by its terms;

      g.      copying imaging, computer services and/or litigation support services provided that all Confidential Information and/or Documents, including copies thereof whether in hard copy or electronic form, are retrieved by the furnishing party upon completion of any such copying, imaging and computer services;

      h.      special masters;

      i.      the direct staff of persons designated in paragraphs 6(e), (f), (g) and (h), subject to any conditions enumerated therein;

    j.  any deposition witness, including putative class members, in accordance with paragraph 8;

    k.  any other Person upon written consent from counsel for the party which produced or gave such Document(s), provided that such person signs the Undertaking in the form attached hereto as <u>Exhibit A</u>, acknowledging that he or she has ready a copy of this Order and agrees to be bound by its terms.

  6.  Nothing in this Order shall prevent any party from producing any Document or information in his, her or its possession in response to a lawful subpoena or other compulsory process, provided that written notice shall be given to all other parties at least ten (10) business days prior to the return date of the subpoena or other compulsory process seeking discovery of the designated materials.

  7.  Subject to the terms of this Order any party may utilize Confidential Information in the course of a deposition provided that, prior to his or her examination, the witness is furnished a copy of this Order and has executed the Undertaking attached hereto as <u>Exhibit A</u>.  If a non-party refuses to the Undertaking, disclosure of such information to the witness during the deposition shall not be a waiver of confidentiality and shall not prevent examination of the witness on Documents or other information containing Confidential Information.  Such witness shall not be allowed to retain copies of either the Confidential Information or any portions of their deposition transcript containing Confidential Information.  If disclosure of Confidential Information is opposed, nothing in this Paragraph 7 shall preclude a party from continuing the deposition until the matter can be raised before and ruled upon by the Court.

  8.  The parties agree to take reasonable precautions to prevent disclosure of

Confidential Information without the "Confidential" designation provided for in this Order. However, it is possible that inadvertent or mistaken disclosures will still be made, despite all reasonable precautions. If Documents containing Confidential Information are inadvertently or mistakenly disclosed, the parties agree that the Source may request the return of such Documents or materials within fifteen (15) business days after the discovery of their inadvertent or mistaken disclosure to allow the designation of the Documents or materials as Confidential Information consistent with the provisions of this Order. If the receiving party fails to return such Documents or materials, the Source may move the Court for an Order compelling their return.

9. If Confidential Information is made an exhibit to or the subject of examination during a deposition or hearing, or is incorporated into a pleading or other writing filed with the Court, arrangements shall be made (a) to bind separately said exhibits, as well as confidential portions of the transcript or pleading and (b) to place them in a sealed envelope appropriately marked.

10. Nothing in this Order shall prevent:

a. either party from using Documents designated as "Confidential," or from referring to or reciting any information contained in such materials, in connection with any hearing, motion, brief, or other proceeding in this action, provided the relevant portions of the pleading or other paper in which the Confidential Information is embodied shall be filed and maintained under seal by the Clerk of the Court until further order of the Court, and shall not be available for public inspection. The party making the filing shall be responsible for filing the pleading or other paper in a sealed envelope, with the words "Confidential" stamped on the envelope and the following statement shall be printed on the

envelope: "This envelope contains Confidential Information which is subject to a Protective Order and may not be examined or copied except in compliance with that Order;"

    b.    the use in open court, at any hearing or at trial of this case, of any material that is subject to this Order or filed under seal pursuant to the provisions herein. Any court hearing which refers to or describes Confidential Information shall, in the Court's discretion, be held in camera. Any party desiring that hearings or any portion thereof be held in camera, or that the trial or any portion thereof be conducted in camera, may make a separate motion therefor.

11.    Nothing herein shall prevent a receiving party from challenging any designation of a Document as "Confidential." The receiving party may file written notice to the Source requesting withdrawal of the designation. The Source who designated the material shall have fifteen (15) business days from the date on which the request was made to respond. If the Source refuses to withdraw the designation or fails to respond to the request within that time, the receiving party may apply to the Court for an order declaring that the Document is not appropriately designated. The burden of proof on any such application shall be consistent with the protection of Confidential Information under the applicable federal or state law. Notwithstanding a challenge or application to the Court pursuant to this Paragraph 11, all Documents designated as "Confidential" shall be subject to this Order until the Source withdraws the designation or until the Court determines that the Document is not appropriately designated as "Confidential."

12.    Within ninety (90) days after the final determination of this action (*i.e.*, after all appellate rights have been exhausted), all Documents designated as containing Confidential Information and all copies thereof shall, upon request, be returned to counsel

for the Source who initially produced such Documents (unless previously permanently discarded, in which case, counsel for the receiving party shall certify in writing to counsel for the Source that such Documents have been permanently discarded), provided that copies may be kept by counsel of any pleading, brief or Document submitted to the Court, deposition and/or trial transcripts and exhibits thereto and correspondence subject to this Order.

      13.    The parties further agree to take reasonable precautions to prevent the inadvertent or mistaken disclosure of Documents containing Privileged Information. The parties further agree that "reasonable precautions" shall include, by way of example and not limitation, a multi-level review of documents for production, including searching for and gathering documents from offices, businesses and other locations where responsive information might be located and having lawyers or paralegals carefully review the documents for Privileged Information, redacting those portions of Documents where only a portion is protected and preparing detailed privilege logs reflecting any withheld material. Despite all reasonable precautions, the parties recognize that inadvertent or mistaken disclosures of Privileged Information may still be made. If Documents containing Privileged Information are inadvertently or mistakenly disclosed, the parties agree that the following procedure shall govern:

      a.    The Source shall promptly advise the receiving party of the disclosure and shall recall any such inadvertently disclosed Documents by making a request of the receiving party for their return.

      b.    If a receiving party becomes aware that a Source inadvertently or mistakenly disclosed Documents containing Privileged Information, the receiving party shall

promptly advise the Source of the disclosure and return the Documents and any and all copies to the Source.

For purposes of this Paragraph 13, the Parties agree that all requests for, and the return of, inadvertently or mistakenly disclosed Documents shall be reasonably prompt if issued within fifteen (15) business days after the Source or receiving party learns of the inadvertent or mistaken disclosure. If the receiving party fails to return such Documents or materials, the Source may move the Court for an Order compelling their return. Notwithstanding a motion to the Court, all Documents containing Privileged Information that are inadvertently or mistakenly disclosed shall be subject to this Order until the Source withdraws its request for their return or until the Court determines that the Document is not appropriately claimed as Privileged Information.

14. This Order may be amended by written agreement between counsel for the parties, subject to approval of the Court, or may be modified by motion to the Court.

15. This Order shall survive the termination of this litigation. The Court shall retain jurisdiction, even after the termination of this litigation, to enforce this Order.

Dated this ___ day of _____, 2008.

_____
Ira DeMent
United States District Judge