IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LARRY STEPHENS and DEBORA STEPHENS, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | Civil Action No.: 2:07CV128-10 |
| STRONG BUILT, INC.; | ) ) ) | |
| Defendants. | ) | |

## PLAINTIFFS' OBJECTION TO DEFENDANT'S MOTION TO ALLOW ADDITIONAL FACT WITNESS DEPOSITIONS, OR, IN THE ALTERNATIVE, MOTION TO ALLOW PLAINTIFF'S DESIGNATION OF AN OUT-OF-TIME EXPERT WITNESS

COMES NOW the Plaintiffs, by and through counsel, and files this objection to Defendant Strongbuilt, Inc.'s (hereinafter "Strongbuilt") motion to allow additional fact witness depositions. Alternatively, Plaintiffs request this Court allow a designation of an expert witness out-of-time. This objection is based on the following separate and several grounds:

1. Pursuant to Parties' Planning Meeting, filed March 20, 2007, a maximum of seven (7) depositions by plaintiffs and seven (7) depositions by defendant were to be allowed. To-date, Strongbuilt has taken a total of nine (9) depositions. Strongbuilt has already exceeded the previously agreed upon limit, and now wishes to re-depose witnesses.

2. Pursuant to Parties Planning Meeting, filed March 20, 2007, the agreed upon discovery completion date was April 30, 2008. Prior to the expiration of this deadline, Strongbuilt did not file a timely motion to extend the discovery deadline.

3. To allow Strongbuilt to exceed the number of agreed upon depositions, as well as re-depose witnesses in this litigation would be unfair and adverse to the interest of justice. Every

time a fact witness deposition is taken, new facts are brought forward in any subject litigation. To allow a plaintiff or defendant to disregard the agreed upon discovery standards and re-depose witnesses is to set a precedent of perpetual litigation. That is, if a new deposition were scheduled every time a new fact or conflicting testimony was elicited, depositions would never cease.

4. Alternatively, should the Court grant permission to Strongbuilt to take the three extra fact witness depositions, Plaintiff would ask the court's permission to designate an out-of-time expert.

5. Although it was immediately apparent plaintiff's injury was severe, the extent of plaintiff's injury was not known until after the expiration of the deadline to designate experts. Dr. Michael Freeman, an orthopaedic surgeon disclosed in discovery, last performed surgery on plaintiff in late March. It has become apparent more surgeries will be necessary.

6. Although fact-witness depositions have been ostensibly completed, expert and medical testimony related to damages has not commenced. Therefore, allowing an out-of-time expert related to life care planning would not be prejudicial to Strongbuilt.

6. Plaintiff would benefit from a life-care planning expert, and prays the court give permission to designate said expert out-of-time.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs, Larry and Debora Stephens respectfully request this Honorable Court to deny permission to Defendant Strongbuilt permission to take any further deposition testimony in this litigation, or, in the alternative, grant permission to Plaintiff to designate an expert out-of-time.

/s/ Dennis R. Weaver
_____
DENNIS R. WEAVER (ASB-1287-V51D)

**OF COUNSEL:**
WEAVER TIDMORE, LLC
200 Cahaba Park Circle, Suite 214
Birmingham, Alabama 35242
Phone: 205-980-6065
Fax: 205-980-6165
E-mail: rweaver@weavertidmorelaw.com

## CERTIFICATE OF SERVICE

I, do hereby certify that I have this 5th day of May, 2008, served a true and correct copy of the foregoing by U.S. Mail, postage prepaid and by electronically filing the same through the CM/ECF system to:

David A. Lee, Esq.
Parsons, Lee & Juliano, PC
2801 Highway 280 South
300 Protective Center
Post Office Box 530630
Birmingham, Alabama 35223-2480
(205) 326-6600

/s/ Dennis R. Weaver
_____
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| LARRY STEPHENS AND DEBORA STEPHENS, ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | CIVIL ACTION NO. 2:07CV128-10 |
| STRONG BUILT, INC., ) ) ) | |
| Defendants. ) | |

### REPORT OF PARTIES' PLANNING MEETING

1.  Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on March 20, 2007, in Birmingham, Alabama, and was attended by:

Dennis R. Weaver on behalf of plaintiffs, Larry and Debora Stephens.

David A. Lee on behalf of defendant, Strong Built, Inc.

2.  **Pre-discovery Disclosures.** The parties will exchange by **April 20, 2007** the information required by Local Rule 26.1(a)(1).

3.  **Discovery Plan.** The parties jointly propose to the court the following discovery plan:

Discovery will be needed on the following subjects: **liability and damages.**

All discovery commenced in time to be completed by **April 30, 2008**.

Maximum of **30** interrogatories by each party to any other party. [Responses due **30** days after service.]

Maximum of **20** requests for admission by each party to any other party. [Responses due **30** days after service.]

Maximum of **7** depositions by plaintiffs and **7** depositions by defendant.

Reports from retained experts under Rule 26(a)(2) due:

from plaintiffs by **January 31, 2008** ; and,
from defendant by **February 29, 2008**;

Supplementations under Rule 26(e) due **March 28, 2008**.

4. **Other Items.**

The parties **do request** a conference with the court before entry of the scheduling order.

Plaintiffs should be allowed until **July 31, 2007** to join additional parties and until **July 31, 2007** to amend the pleadings.

Defendant should be allowed until **August 31, 2007** to join additional parties and until **August 31, 2007** to amend the pleadings.

All potentially dispositive motions should be filed by **May 30, 2008**.

Settlement cannot be realistically evaluated prior to **April 30, 2008.**

The parties **request** a final pretrial conference in **June, 2008**.

The parties agree that this action is suitable for mediation under the Court's ADR plan.

Final lists of trial evidence under Rule 26(a)(3) should be due:

from plaintiffs: witnesses **30** **days prior to trial**; exhibits **30** **days prior to trial**; and,

from defendant: witnesses **30 days prior to trial**; exhibits **30 days prior to trial.**

Parties should have **7** **days** after service of final lists of trial evidence to list objections under Rule 26(a)(3).

The case should be ready for trial by **September 1, 2008** and at this time is expected to take approximately **5 days.**

2

**DATED** this the  20th   day of  March , 2007.


 /s/ Dennis R. Weaver                              /s/ David A. Lee                         
Dennis R. Weaver                              David A. Lee
Attorney for Plaintiffs                         Attorney for Defendant

3