IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| LARRY STEPHENS AND DEBORAH STEPHENS, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) CIVIL ACTION NO. 2:07CV128-ID ) |
| STRONGBUILT, INC., | ) ) |
| Defendant. | ) |

### RESPONSE TO PLAINTIFFS' OBJECTION TO ALLOW ADDITIONAL FACT WITNESS DISCOVERY

Comes now the defendant, **STRONGBUILT, INC.**, and responds to the plaintiffs' objection to allow additional fact witness discovery as follows:

1. Contrary to paragraph two of the plaintiffs' objection, the deadline to complete discovery pursuant to the Uniform Scheduling Order entered by Judge Ira DeMent is August 28, 2008 and not April 30, 2008. (See Section 6 of Judge DeMent's Uniform Scheduling Order entered May 3, 2007.) Therefore, the discovery deadline has not expired.

2. Every deposition that has been taken in this case thus far has been taken by agreement. The deponents have been the following:

    A. Larry Stephens - - - - plaintiff.

    B. Deborah Stephens - - - - plaintiff.

    C. Terry Stephens - - - - alleged purchaser of the subject product.

1

    D.    Matt Stephens - - - - first person to respond to the plaintiff following the accident.

    E.    Jaiton Stephens - - - - assisted in the retrieval of the subject product following the accident.

    F.    David Stephens - - - - alleged owner of the subject product and the person who assisted the plaintiff in installing the subject product.

    G.    Roger Wood - - - - the plaintiff's stepfather and one of the first responders.

    H.    Dr. Raymond Thompson - - - - plaintiffs' exert.

    I.    Michael McFadden - - - - sales representative of Wal-Mart.

    J.    Ken Killen - - - - President of defendant StrongBuilt, Inc.

3.    The reason the defendant wants to redepose Jaiton Stephens and Matt Stephens and depose witness Dwight Jones is because of an issue that was raised by the plaintiffs' expert, Dr. Raymond Thompson, when his deposition was taken on April 17, 2008, less than 30 days ago. Specifically, Dr. Thompson testified that the physical evidence in this case was <u>altered</u> since the moment of the accident. Dr. Thompson was told by counsel for the plaintiff that the evidence was altered when the product was disassembled following the accident. Obviously, the defendant wants to discover how the product was disassembled and how the evidence was allegedly altered following the accident.

4.    The discovery deadline for fact witnesses has not expired and no one will be prejudiced by allowing additional fact discovery to be conducted.

WHEREFORE, PREMISES CONSIDERED, the defendant, StrongBuilt, Inc., respectfully requests this Honorable Court to overrule and deny the plaintiffs' objections to the defendant's request for additional fact discovery.

/s/ David Lee
David A. Lee (LEE019)
ASB-3165-E47D
Attorney for Defendant

OF COUNSEL:
PARSONS, LEE & JULIANO, P.C.
300 Protective Center
2801 Highway 280 South
P. O. Box 530630 (35253-0630)
Birmingham, AL 35223-2480
(205) 326-6600

## CERTIFICATE OF SERVICE

I hereby certify that I have served on this the 8TH day of May, 2008, a copy of the foregoing pleading via United States mail, postage prepaid and properly addressed on counsel for all parties as follows:

Dennis R. Weaver, Esq.
Weaver Tidmore, LLC
200 Cahaba Park Circle, Suite 214
Birmingham, Alabama 35242

/s/ David A. Lee
OF COUNSEL

3