IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LARRY STEPHENS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:07-cv-128-ID |
| | ) | |
| STRONG BUILT, INC., | ) | |
| | ) | |
| Defendant . | ) | |

## **ORDER**

Pending before the Court is Defendant's *Motion to Allow Additional Fact Witness Depositions* (Doc. 32, filed May 1, 2008), *Plaintiffs' Objection to Defendant's Motion to Allow Additional Fact Witness Depositions* (Doc. 34, filed May 5, 2008), and Defendant's *Response to Plaintiffs' Objection to Allow Additional Fact Witness Discovery* (Doc. 36, filed May 8, 2008).

Discovery is still ongoing in this case and is not set to expire until August 28, 2008. *See* Doc. 9, "Uniform Scheduling Order" § 6. It is obvious that the depositions now sought are highly relevant to the defense of the case. Thus, the information sought is clearly discoverable. Normally, parties would be permitted to take up to ten (10) depositions without leave of court. *See* Fed. R. Civ. P. 30(a)(2)(A)(i). However, Plaintiff properly notes the parties agreed to seven (7) depositions for each side in their Rule 26(f) Report. *See* Doc. 6, "Report of Parties' Planning Meeting." Regardless, the Court may alter the limits on the number of depositions when deemed appropriate. *See* Fed. R. Civ. P. 26(b)(2). This is such a case where the Court finds it appropriate to permit the additional depositions.

Based on the foregoing, for good cause it is **ORDERED** that the *Motion to Allow Additional Fact Witness Depositions* (Doc. 32) is **GRANTED**. Defendant may re-depose witnesses Matt Stephens and Jaiton Stephens and depose witness Dwight Jones.

This Order does not address *Plaintiff's Alternative Motion to Allow Plaintiff's Designation of an Out-Of-Time Expert Witness* (Doc. 34, filed May 5, 2008).

DONE this 8th day of May, 2008.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE