**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA,**
**NORTHERN DIVISION**

| | |
|---|---|
| **LARRY STEPHENS AND DEBORAH STEPHENS,** )<br>)<br>Plaintiffs,   )<br>)<br>vs.                        )<br>)<br>**STRONGBUILT, INC.,**   )<br>)<br>Defendant.   ) | CIVIL ACTION NO. 2:07CV128-ID |

## REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Comes now the defendant, **STRONGBUILT, INC.**, and replies to the plaintiffs' memorandum brief in opposition to defendant's motion for summary judgment, as follows:

The undisputed material facts in this case show that the defendant designed and manufactured the product that is the subject of this litigation, a 15 foot basic ladder stand ("BLS 15"), in the mid-1990's. There is no evidence that this stand violated any standards at the time it was manufactured. Since the mid-1990's, StrongBuilt, Inc. has produced hundreds of thousands of hunting ladder/tree stands.

It is also undisputed that the subject product was assembled incorrectly and altered after it was originally manufactured and sold. It is further undisputed that the plaintiff, Larry Stephens, never read or had read to him any of the written instructions or warnings that came with the subject product.

It is further undisputed that the product received little or no preventative maintenance from the time it was manufactured in the mid-1990's until the accident on December 2, 2006. Furthermore, it is undisputed that the horizontal brace that failed was used in a manner inconsistent with the written instructions that came with the subject product. Specifically, it is undisputed that the horizontal brace was not removed from the ladder stand when the ladder stand was transported from one location to another. This was in clear violation of the manufacturer's written instructions for the subject product.

The defendant has offered testimony from Mr. Ken Killen, President of StrongBuilt, Inc., and from two well-respected experts, Mr. L. J. Smith and Mr. Ellis Sisk. All three have testified that this product was not improperly designed and manufactured. All three have testified that this accident occurred due to improper assembly, improper use, unauthorized modifications, and lack of maintenance.

The plaintiffs have attempted to offer testimony from a retained expert, Dr. Raymond Thompson. As pointed out in the defendant's motion to preclude certain opinions of Dr. Raymond Thompson, Dr. Thompson simply has no education, training or experience with regard to the product that is the subject of this lawsuit or with regard to the habits of hunters or hunting accident reconstruction. Respectfully, Dr. Thompson is not competent or qualified to express any opinions with regard to improper design and manufacture of the subject product, alleged defectiveness of the subject product, or the foreseeable misuses of the subject product. Quite frankly, his opinions with regard to the design and manufacture of this product is

2

pure speculation and conjecture and not based upon any reliable experience on his part or scientifically reliable methodology.

In conclusion, the defendant respectfully requests this Honorable Court to enter a final summary judgment in its favor.

/s/ David Lee
David A. Lee (LEE019)
ASB-3165-E47D
Attorney for Defendant

OF COUNSEL:
PARSONS, LEE & JULIANO, P.C.
300 Protective Center
2801 Highway 280 South
P. O. Box 530630 (35253-0630)
Birmingham, AL 35223-2480
(205) 326-6600

## CERTIFICATE OF SERVICE

I hereby certify that I have served on this the 12th day of June, 2008, a copy of the foregoing pleading via United States mail, postage prepaid and properly addressed on counsel for all parties as follows:

Dennis R. Weaver, Esq.
William H. Hassinger, Esq.
Weaver Tidmore, LLC
200 Cahaba Park Circle, Suite 214
Birmingham, Alabama 35242

/s/ David A. Lee
OF COUNSEL

3